## LEWIS V. BOARD OF COMMISSIONERS.

ASSIGNMENT OF CLAIM AGAINST A COUNTY — GARNISHMENT.— Where an individual who is working for a county, under a contract, gives to the county clerk thereof an order to deliver all warrants issued by the county commissioners to him to one J., as collateral security for a note attached to the order, the acceptance of such order by the written indorsement thereon of the county clerk perfects the assignment, and places the assignor's claim against the county beyond the reach of garnishment.

*Appeal from District Court of La Plata County.*

ACTION by A. R. Lewis against the board of county commissioners of San Miguel county to recover money alleged to have been fraudulently transferred by defendant after service of garnishee process.   Judgment for defendant, and plaintiff appeals.

Messrs. RUSSELL & McCLOSKEY, for appellant.

Mr. W. H. GABBERT, for appellee.

RICHMOND, C.   December 17, 1883, appellant, plaintiff below, obtained a judgment in the county court of La Plata county, Colorado, against A. Mitchell, for the sum of $1,059.35 and costs.   On the same day, in the same court, M. J. McClosky obtained judgment against said Mitchell for the sum of $260.10, which judgment McClosky assigned to plaintiff.

In these original actions, affidavit and bond in attachment were filed, and copy of attachment writs served upon defendant herein, with a notice that all debts owing by said board of county commissioners of said San Miguel county to Mitchell, and all other personal property in its possession or control belonging to defendant Mitchell, were attached.   Interrogatories were submitted to the county clerk of said county, and, in behalf of said board, he answered denying any indebtedness, as well as the custody and control of any property or effects of said

Mitchell, by the said board of county commissioners, or said county of San Miguel. These answers were filed in said causes, and were not traversed, nor was any action taken concerning the discharge of the garnishees.

Plaintiff brings this suit, alleging that the defendant was indebted to Mitchell in certain sums of money; and that county warrants belonging to Mitchell were held by the county at the time of the service of the garnishee process to an amount largely in excess of his demand; and that defendant, after service of process, fraudulently transferred the sum of $3,219 to the Miners' & Merchants' Bank of Ouray.

Defendant specifically denies the allegations in the complaint, and by a separate defense denies that at the time of the service of the process, or at any time since, the said board, or said county of San Miguel, were or are indebted to Mitchell, or had or have had control of any property or moneys belonging to Mitchell; that said Mitchell had, before service of the process, transferred by an order all warrants coming to him, by virtue of certain contracts made with the board of county commissioners of San Miguel county, to J. M. Jardine, cashier of the Miners' & Merchants' Bank of Ouray. In this same defense they set up the fact that answers were filed to interrogatories submitted in the original proceedings denying any liability or responsibility as garnishees. To this defense a general demurrer was interposed and overruled.

The contention of defendant is that the answers filed in the original cause were final and conclusive, they not having been traversed, and that plaintiff is therefore precluded from maintaining this action. Plaintiff takes the opposite view.

The cause must be affirmed upon its merits; therefore it is not essential that we should determine this question.

It will be observed that the demurrer in this case is general. "The demurrer may be made to the whole

petition, or to the statement of any of the causes of ac-. tion embodied in it; but, if made to the whole pleading, it will be overruled if any of the statements are held to be good; and if to the first, second and third paragraphs of an answer, or either of them, it is a joint demurrer, and will be overruled if any of the paragraphs are good." Bliss, Code Pl. § 417.

In the defense demurred to defendants distinctly and positively deny that they were at the time of the service of the process, or since that time, in any manner indebted to Mitchell, or that they held or controlled any effects belonging to him. This defense was a perfect defense, and, if established by proof, necessarily defeated the plaintiff's right of recovery; therefore the demurrer was properly overruled.

The record in this case discloses the following facts: That original actions were commenced December 17, 1883; judgments were obtained February 18, 1884; garnishee process was served upon the board of county comsioners of San Miguel county, January 14, 1884. That Mitchell had a contract with said board of county commissioners to transcribe certain county records; and, being in need of money for the purpose of paying help, procured a loan from the Miners' & Merchants' Bank of Ouray county, and on June 4, 1883, for the purpose of securing payment of said loan, gave the following order to Charles F. Painter, county clerk and recorder, San Miguel county, Colorado: "You are hereby directed to deliver to J. M. Jardine, cashier Miners' & Merchants' Bank of Ouray, all warrants issued by the board of county commissioners to me for and on account of transcribing the records of said San Miguel county, to be by said J. M. Jardine, cashier of said bank, held as collateral security for a note of even date hereto attached. [Signed] A. MITCHELL." This order was received by the county clerk on the 7th day of June, 1883, and duly presented to the board of county commissioners, and, for and on

behalf of the board of county commissioners of the county of San Miguel, the county clerk accepted the order by writing across its face as follows: "Accepted this 7th day of June, A. D. 1883. CHAS. F. PAINTER, Clerk and Recorder of San Miguel County, Colorado;" and returned the same to Jardine. That on or about the 1st of February, 1884, Painter, clerk and recorder of said county, at the special instance and request of plaintiffs, A. R. Lewis and M. J. McClosky, made and subscribed answers as garnishees in the causes, and set out this order and acceptance in each answer. In fact, gave an entire history of the transaction. Painter testified that at the time of the service of the garnishment process, and at no time since, has the county of San Miguel, or the board of county commissioners, been indebted to Mitchell, or had or controlled any property belonging to him. He admits that there were some San Miguel county warrants in his possession, as clerk of the board of county commissioners, drawn in the name of Mitchell, but says they were covered by the assignment or order to deliver to Jardine. That the amount of these warrants was $5,000. Three thousand dollars were delivered upon the order of Jardine to the San Miguel Valley Bank. One warrant, for $2,000, was canceled. That the total amount paid on account of Mitchell was $4,719. Five hundred dollars was delivered July 7, 1883; $1,000 August 23, 1883; and the balance, $3,219, was delivered February 5, 1884, in San Miguel county warrants. He explains the cancellation of the $2,000 warrant by stating that that warrant had been issued under a mistake as to amount due Mitchell; that a final settlement was had, and a new warrant in lieu of the $2,000 was issued for the amount of $219; that the final settlement between Mitchell and the board of county commissioners was made January 25, 1884.

Certain it is that after giving the order, and it having been accepted by the clerk in behalf of the board of

county commissioners, Mitchell had no further interest or relation with the warrants issued by the county, save and except in the way of an adjustment of the sum due him under his contract; and for any sum of money that he might be expecting to realize from the warrants, he would have to look to Jardine or the bank.

Jardine, undoubtedly, was entitled to receive the warrants from the county under the order, and to hold them as collateral security for the amount of Mitchell's indebtedness to the bank; and had he or the bank been garnished, as he might have been in the original proceeding at the instance of the plaintiff, it is probable he would have intervened and detailed fully the amount of his claim, by way of a lien on the warrants thus delivered to him, and the garnishees would have secured any balance.

The board of county commissioners of San Miguel county cannot be held as garnishees, as the rule undoubtedly is that "the property validly assigned cannot be reached by garnishment, since it no longer belongs to the assignor. * * * The assignee, if summoned as garnishee, may unequivocally answer that he has nothing of the defendant's in his possession." Wapl. Attachm. 209. "Either defendant's property in the hands of a third person, or debts due him by such third person, may be equitably assigned so as to be beyond the reach of garnishment." Id. 211.

The above doctrine, it seems to me, is peculiarly applicable to the transactions here shown by the evidence. The evidence shows that the board of county commissioners was advised of the assignment, and the action taken by their clerk in the premises, at their next regular meeting; and thereupon, for the purpose of aiding Mitchell in procuring funds from Jardine with which to prosecute the work of transcribing the records under the contract with the county, anticipated payment to Mitchell, and ordered a warrant drawn in his favor for $500,

which warrant was promptly forwarded to Jardine in pursuance of the assignment theretofore given by Mitchell, and accepted by the clerk for the board. In fact, the board appears to have affirmatively indorsed all of the actions taken by their clerk, and therefore his action must be accepted as the action of the board.

It cannot be claimed that Mitchell, in the face of this order, would have a right of action against the county, while the order existed and was in full force and effect; and, certainly, the attaching creditor could acquire no right of action for moneys due Mitchell, when Mitchell himself was not in a position to enforce a similar claim. "If the defendant [in an attachment suit] has authorized the payment of what is due to him to a third person, and the garnishee has agreed so to pay, and the assignee has assented, garnishment by the creditor of the defendant will not hold." Id. 212, and cases cited.

I am satisfied that substantial justice has been done by the findings and judgment entered. Judgment should be affirmed.

REED and PATTISON, CC., concur.

PER CURIAM. For the reasons stated in the foregoing opinion the judgment is affirmed.          *Affirmed.*

MR. JUSTICE HAYT not sitting.