No. 17,356.

WATERMAN *v.* COLORADO LEASE AND INVESTMENT COMPANY, INC.

(275 P. [2d] 191)

Decided October 18, 1954.

Messrs. SEAVY & SEAVY, for plaintiff in error.

Mr. GORDON D. HINDS, for defendant in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the Court.

DEFENDANT in error, Colorado Lease and Investment Company, Inc., in an action it had filed in the district court of Pueblo county against Walter L. Hays and Cyrus Waterman, obtained a judgment by default against Cyrus Waterman on September 1, 1953. Cyrus Waterman was the owner of a 1948 Ford truck and had regularly obtained license plates therefor. On May 15, 1953, Cyrus Waterman made an assignment of the title to said truck to "Orza's Auto Parts," which was the trade name of plaintiff in error Orza Waterman, a brother of Cyrus Waterman. Under this trade name Orza Waterman operated a used-car business on a lot across the street from his residence in Pueblo. On the date of the assignment of title, plaintiff in error took over the truck, and at all times herein involved had exclusive possession thereof. Shortly after the transfer of title, plaintiff in error took the license plates issued in the name of Cyrus Waterman off the truck and then realizing that the truck had a box or bed on it in which defendant in error had an interest, he placed the license plates back on the truck and drove it to the place of business of defendant in error where the bed or box was removed and the vehicle driven back to plaintiff in error's place of business. Subsequent to that time, and prior to September 15, 1953, plaintiff in error, on two occasions, drove the truck with such license plates thereon, and it is stipulated herein that Cyrus Waterman never had the truck in his possession or used it in any manner whatsoever after May 15, 1953, the date of the transfer of title, and

it was further stipulated that plaintiff in error, except on the two occasions, kept the truck at his place of business and had not procured a new certificate of title thereto prior to September 15.

On September 15, 1953, defendant in error, in an effort to satisfy its judgment against Cyrus Waterman, caused execution to be issued on the judgment, which was placed in the hands of the sheriff with directions to levy upon any property of Cyrus Waterman. September 15, a deputy sheriff, in executing the directions under the execution, found the truck parked in the street alongside plaintiff in error's residence, and finding that the license plates thereon were the license plates of record in the name of Cyrus Waterman, over the objections of plaintiff in error, and notice from plaintiff in error that he was the owner of the truck by virtue of the transfer of title, and that Cyrus Waterman was no longer the owner, levied on the truck. Counsel for plaintiff in error immediately appeared in the case in which the judgment against Cyrus Waterman had been obtained, and obtained leave of court to file a motion to quash the levy that had been made as hereinbefore stated. On the hearing of the motion, it was stipulated and agreed by counsel that the question of title could be determined, and that both sides would abide by the determination and not resort to other actions in the case. The trial court consented to dispose of the matter and the hearing proceeded. The entire matter was disposed of by stipulations made and the admission of certain exhibits, namely, the certificate of title, the assignment thereof, and the used-motor vehicle dealer's license, and the hearing concluded without any dispute as to the facts. Plaintiff in error contended that under the statute he, as a dealer, was not required to procure a new certificate of title, and that the two occasions on which he used the truck might be considered as technical violations of the statute as to the use of a vehicle without the proper license, and that such violations did not affect the title or ownership.

One of the exhibits was the written demand of plaintiff in error made upon the sheriff for the release of the levy on the truck under the execution. September 29, 1953, the motion to quash the levy was heard; the court overruled the motion; and within the time allowed for the filing of a motion for new trial, plaintiff in error filed a motion to set aside and hold for naught the court's order denying the motion to quash. This motion was heard on November 21, 1953 and was overruled.

At the time the trial court denied the petition to quash the levy, he stated that the only consideration presented to him was, not what took place at the time plaintiff in error obtained the transfer of the certificate of title, but what he did with the vehicle after it was transferred to him.

The summary of argument presented by counsel for plaintiff in error to reverse the judgment of the trial court is that, at the time of the levy, title to the motor vehicle was in the name of Orza's Auto Parts, and plaintiff in error, as operator of that business, had possession of the vehicle; and that the sheriff, at the time of the levy, was apprised of the fact that Cyrus Waterman had transferred the title; and that plaintiff in error, being a dealer in used cars was not required to obtain a new title upon the transfer. Defendant in error, without any basis therefor, as we view the record, contends that the assignment of title upon which plaintiff in error relied is void as to defendant in error as being a conveyance made with intent to defraud or hinder and delay creditors. The question of fraud was in no way presented or even hinted at before the trial court. From a careful reading of the record before us, we fail to find the word "fraud" mentioned at any place therein. It seems to be the contention of counsel, and we again say without basis, that the ruling of the trial court was based upon fraud, and it is stated that the fact that it was a transaction between brothers, it carried, and was, a badge of fraud. This contention is made without any semblance

of evidence to support the contention; therefore the question of fraud can have no quarter in the matter before us, and it follows that it is not here given any consideration.

■■■■ There seems to be no dispute, and in fact there could be none under the record as here made, that plaintiff in error obtained a valid title to the vehicle in question. Counsel for defendant in error apparently contends that this title was voided on account of noncompliance with the statutes on the part of plaintiff in error. The statute upon which counsel for plaintiff in error relied to support the failure to obtain a new certificate is, regardless of the uncertainty of the citations in both briefs, section 10, chapter 114, S.L. '49, and is as follows: "Upon the sale or transfer to a dealer, as is herein defined, of a motor vehicle for which a Colorado certificate of title has been issued, formal transfer and delivery of the certificate of title thereto shall be made as in other cases; save and except, however, that so long as the vehicle so sold or transferred remains in the dealer's possession and at his place of business for sale and for no other purpose such dealer shall not be required to procure the issuance of a new certificate of title thereto as is otherwise required in this Act." There is nothing in the record to show that the transaction concerning the transfer of title was in anywise contrary to the terms of the controlling statute above set out, other than the two instances mentioned, that is, when plaintiff in error drove the vehicle with the original license in the name of Cyrus Waterman thereon, and the fact that when the levy was made the vehicle was in the street near plaintiff in error's residence and not on the nearby used-car lot. It is our opinion that these incidents are insufficient to defeat the ownership claim of plaintiff in error, and constituted nothing more than a technical violation of other provisions of the statutes concerning the operation of a vehicle registered in the name of another, and does not in any manner relate to or affect the provisions

concerning certificates of title. In the last analysis, by virtue of the assignment, plaintiff in error acquired all of the right, title and interest of Cyrus Waterman in and to the vehicle involved, and that right cannot be defeated by his failure to obtain a new certificate in his own name; would only subject him to the penalties provided for such a failure; and in no way would divest him of title to the car. The provisions of the statutes concerning registration of motor vehicles are regulatory measures and we find nothing therein that purports to affect property rights; therefore without further discussion, we say that the attaching creditor herein could acquire no greater interest in the property levied upon than the debtor Cyrus Waterman had at the time of the levy, which we have herein determined was no interest at all, it having been acquired by plaintiff in error by virtue of the assignment.

The applicable principle involved herein is supported by our decisions in *Lewis v. Board of Commissioners,* 14 Colo. 371, 23 Pac. 338, and *Hendrie & Bolthoff Mfg. Co. v. Collins,* 29 Colo. 102, 67 Pac. 164.

For the reasons stated, the judgment is reversed and the cause remanded with directions to the trial court to vacate its order denying plaintiff in error's motion to quash the levy, and enter an order sustaining same.